IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KASON CHRISTMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 13-1995-GMS |
| | ) | |
| PHIL MORGAN, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Kason Christmas. *Pro se* petitioner.

Andrew J. Vella, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

June 7, 2016
Wilmington, Delaware

Sleet, District Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Kason Christmas ("Christmas"). (D.I.1; D.I. 6) The State filed an answer in opposition. (D.I. 13) For the following reasons, the court will deny the petition.

## I.  BACKGROUND

In January 2011, Christmas was indicted on the following charges: trafficking in heroin; trafficking in MDMA (Ecstasy); possession with intent to deliver MDMA; maintaining a vehicle for keeping controlled substances; and one traffic violation. (D.I. 13 at 3) In March 2011, Christmas filed a motion to suppress the evidence, which the Superior Court denied. (D.I. 14-2 at Entry No. 7) The matter was scheduled to proceed to trial on June 7, 2011, but Christmas failed to appear and the Superior Court issued a capias. (D.I. 14-2 at Entry No. 11) Defense counsel filed a motion to withdraw. (D.I. 14-2 at Entry No. 12) The Superior Court denied the motion without prejudice, explaining that defense counsel could reapply ten days after Christmas returned to custody and counsel conferred with him. (D.I. 14-2 at Entry No. 13) Christmas was returned to custody on October 7, 2011. (D.I. 14-2 at Entry No. 15) On November 9, 2011, new defense counsel filed a motion for substitution of counsel. (D.I. 14-2 at Entry No. 24) The Superior Court denied the motion unless defense counsel confirmed that that the substitution would not delay the trial. *Id.* On November 15, 2011, Christmas pled guilty to possession with intent to deliver heroin. *See State v. Christmas*, 2013 WL 656246, at *1 (Del. Super. Ct. Jan. 31, 2013). The Superior Court sentenced him to five years and six months of incarceration, followed by eighteen months of Level III supervision. *Id.* Christmas did not appeal his conviction. *Id.*

On January 30, 2012, Christmas filed a motion for modification of sentence, which the Superior court denied on April 25, 2012. (D.I. 14-2 at Entry No. 31) Christmas filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion) on June 26, 2012. (D.I. 14-2 at Entry No. 33) The Superior Court denied the Rule 61 motion on January 31, 2013, and the Delaware Supreme Court denied his appeal as untimely on April 3, 2013. (D.I. 14-2 at Entry No. 41); *See Christmas v. State*, 2013 WL 1397131, at *1 (Del. Apr. 3, 2013).

Christmas filed the instant habeas petition in November 2013, asserting the following six grounds for relief: (1) first defense counsel failed to thoroughly investigate the facts surrounding Christmas' illegal detention and arrest, which led to the dismissal of counsel's suppression motion; (2) first defense counsel failed to quickly re-file his motion to withdraw, which left Christmas' second defense counsel without enough time to prepare a defense and caused Christmas to enter a plea instead of proceeding to trial; (3) first defense counsel failed to show that Christmas' initial detention was illegal; (4) the police did not have any independent evidence that Christmas dealt or gave drugs to any other person and there was insufficient probable cause to arrest him; (5) Christmas' due process rights were violated during the preliminary hearing; and (6) the Superior Court abused its discretion in denying Christmas' motion to substitute counsel and in failing to give Christmas' second defense counsel a continuance in order to familiarize himself with the facts of the case. The State filed an answer in opposition, alleging that the petition should be denied as time-barred or, alternatively, as procedurally barred. (D.I. 13)

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. One Year Statute of Limitations

AEDPA was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

### C. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural

manner permitting the court to consider the claims on their merits. *See Bell*, 543 U.S. at 451 n.3; *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines*, 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice.

5

*See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518, 537-38 (2005); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### III. DISCUSSION

#### A. Timeliness

Christmas' petition, filed in 2013, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh,* 521 U.S. at 336. Because Christmas does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D), the one-year period of limitations in this case began to run when Christmas' conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final upon expiration of time period allowed for seeking direct review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Christmas on November 15, 2011, and he did not appeal. Therefore, Christmas' conviction became final on December 16, 2011. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a thirty-day period for timely

filing a notice of appeal). Accordingly, to comply with the one-year limitations period, Christmas had to file his § 2254 petition by December 17, 2012.[1] *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Christmas did not file his habeas petition until November 19, 2013,[2] almost one full year after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled.

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). Here, forty-five days of AEDPA's limitations period had already expired when Christmas filed his motion for modification of sentence on January 30, 2012. The Superior Court denied the motion on April 25, 2012, and Christmas did not appeal that decision. Thus, the sentence modification motion tolled the limitations period through May 15, 2012, the day on which the thirty-day appeal period expired.

The limitations clock started to run again on May 16, 2012, and ran forty-four more days until Christmas filed his Rule 61 motion on June 29, 2012. The Superior Court denied the Rule

---

[1] The limitations period actually ended on December 16, 2012, which was a Sunday. Therefore, the limitations period extended through the end of the next business day, December 17, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] Pursuant to the prisoner mailbox rule, the court adopts the date on the petition, November 19, 2013, as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

7

61 motion on January 31, 2013, and Christmas appealed. However, Christmas did not "properly file" his post-conviction appeal for statutory tolling purposes because the Delaware Supreme Court denied the appeal as untimely on April 3, 2013. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). As a result, the Rule 61 motion tolled the limitations period through March 4, 2013, the day on which the thirty-day appeal period ended;[3] it did not toll the limitations period for the remaining time during which Christmas' untimely post-conviction appeal was pending before the Delaware Supreme Court. *See Swartz*, 204 F.3d at 420-24.

When the limitations clock started to run again on March 5, 2013, there were 286 days remaining in AEDPA's limitations period. The limitations clock ran 238 days without interruption until Christmas filed the instant petition on November 19, 2013. Thus, contrary to the State's assertion, the instant petition is not time-barred.[4]

**B. Exhaustion and Procedural Default**

Christmas did not appeal his conviction to the Delaware Supreme Court. In addition, although Christmas presented the instant six claims to the Delaware Supreme Court in his post-conviction appeal, the fact that the Delaware Supreme Court dismissed the post-conviction appeal as untimely demonstrates that Christmas did not fairly present the instant six claims to Delaware's highest court in a manner permitting that court to consider the claims on their merits. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Given these circumstances, the court concludes that Christmas failed to exhaust state remedies for his six claims.

---

[3]The thirty-day appeal period actually ended on March 3, 2013, which was a Sunday. Therefore, the appeal period extended through the end of the next business day, March 4, 2013.

[4]It appears that the State neglected to include the thirty-day appeal periods for Christmas' two motions for collateral relief in its tolling calculation.

Any attempt to present the instant claims in a new Rule 61 motion would be time-barred under the one year filing deadline established in Delaware Superior Court Criminal Rule 61(i)(1). Consequently, the court must excuse Christmas' failure to exhaust but treat the allegations as procedurally defaulted. Hence, the court cannot review the merits of claims one through six absent a showing of cause for the default, and prejudice resulting therefrom, or that a miscarriage of justice will occur if the claims are not reviewed.

Christmas does not assert, and the court cannot discern, any cause for his default of his pending habeas claims. Although Christmas was not represented by counsel during his Rule 61 proceeding, the limited exception to the procedural default rule that the Supreme Court created in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) does not provide a method for him to establish cause for his default. In *Martinez*, the Supreme Court held that the errors or absence of post-conviction counsel may, in limited circumstances, excuse a petitioner's failure to raise during the initial-review collateral proceeding claims asserting the ineffective assistance of trial counsel. *Id.* at 1318. However, the *Martinez* Court explicitly held that this exception "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceeding []." *Id.* at 1320. Since Christmas' procedural default was the result of an error in his post-conviction appeal proceeding, and not due to an error in his initial post-conviction proceeding, the *Martinez* rule does not provide a method by which to excuse his default.

In the absence of cause, the court does not need to address the issue of prejudice. Additionally, the court concludes that it cannot excuse Christmas' default of his claims under the miscarriage of justice exception, because he has failed to provide new reliable evidence of his actual innocence. Accordingly, the court will deny the petition in its entirety because claims one through six are procedurally barred from federal habeas review.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court concludes that Christmas' petition should be denied in its entirety because the claims asserted therein are procedurally barred. Reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the court will deny Christmas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without an evidentiary hearing. An appropriate order will be entered.